IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
09/17/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

WILDISNAYS CORDERO LUGUMERSINES,[1] )
)
Petitioner, )
)
v. ) Case No. 26-3298-JWL
)
TODD BLANCHE, Attorney General; and )
DAVID VENTURELLA, Acting Director, ICE, )
)
Respondents. )
)
)

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Cuba, unlawfully entered the United States in 2022, and removal proceedings were initiated at that time. On December 16, 2025, an immigration judge (IJ) ordered petitioner's removal *in absentia*, after petitioner failed to appear at a hearing scheduled for that date, and in January 2026, the IJ denied petitioner's motion to reopen the case. Immigration officials took petitioner into custody on July 13, 2026. Petitioner filed the instant petition on August 13, 2026; respondents have filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

[1] This is the name stated in the caption and form petition. In the attachment to the petition, petitioner has spelled his last name as Cordero Lagumersines; in the traverse, petitioner has spelled it as Cordero Lugomernes.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). The Court concludes that petitioner has not shown that his detention violates federal law.

In his petition, petitioner claims that his detention without a custody determination or bond hearing violates due process because he is not a flight risk and his detention is therefore unnecessary. As respondents note, however, petitioner is subject to a final removal order, and therefore 8 U.S.C. § 1226(a) (which allows for discretionary release on bond) does not apply here. Petitioner is not entitled to release under the Supreme Court's *Zadvydas* framework because he has not been detained beyond the presumptively-reasonable period of six months. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).[2] Moreover, petitioner has not shown a due process violation here. He has been detained for only two months, and he has not shown that his detention does not serve the legitimate purpose of securing his removal. Nor has petitioner cited any authority suggesting that due process requires release after so short a period of detention to execute a final removal order. The Court therefore denies the petition.

---

[2] The Court has consistently held that the six-month period under *Zadvydas* starts upon the detention of the alien. *See, e.g.*, *Rustami v. Noem*, 2025 WL 3760744, at *2 n.1 (D. Kan. Dec. 30, 2025) (Lungstrum, J.).

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 17th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge